STEIN, Appellant,

v.

BROWN, Registrar, Appellee.

[Cite as *Stein v. Brown* (1994), 97 Ohio App.3d 263.]

Court of Appeals of Ohio,
Clinton County.

No. CA94–04–009.

Decided Sept. 26, 1994.

*Gump & Associates* and *Jeffrey D. Slyman,* for appellant.

*Fred J. Beery,* for appellee.

WALSH, Judge.

On July 10, 1993, plaintiff-appellant, Tad H. Stein, was arrested for driving under the influence of alcohol in Wilmington, Ohio. Appellant was taken to the Clinton County Sheriff's Department. An implied consent form, BMV Form 2214, was shown and read to appellant. Appellant refused to submit to chemical testing. The Ohio Bureau of Motor Vehicles notified appellant that he was suspended for one year. Appellant subsequently appealed the suspension. On March 25, 1994, the Clinton County Municipal Court filed a journal entry affirming the suspension of appellant's license. Appellant now appeals raising the following assignment of error:

"The trial court erred in suspending appellant's operator's license as BMV form 2214, revised 11/91, was not legally sufficient to inform appellant of the consequences of refusing to submit to chemical testing pursuant to R.C. 4511.191."

Appellant argues that the form is defective because it failed to state that he would be required to pay a $125 reinstatement fee and provide proof of insurance if he waited for the suspension period to expire without entering a guilty or no contest plea. Appellant argues that the form led him to believe that he could drive after the suspension period without additional action on his part. The form, appellant argues, is incorrect and is a misstatement of the law; therefore, his suspension should be found to be invalid.

R.C. 4511.191(C) requires that a person under arrest for driving under the influence of alcohol be advised of the consequences of his refusal to submit to chemical testing. The issue of whether R.C. 4511.191(C) requires such a person to be advised that he will be required to pay a $125 reinstatement fee to obtain an operator's license after the suspension period expires has been addressed by three Ohio appellate courts. In *Bonham v. Brown* (July 22, 1993), Montgomery App. No. 13627, unreported, 1993 WL 278136, and *Pinkerton v. Registrar, Bureau of Motor Vehicles* (May 4, 1993), Franklin App. No. 92AP–1319, unreported, 1993 WL 150507, it was held that a form that failed to advise a motorist that he must pay a reinstatement fee even if he is content to let the administrative suspension run its course was defective. Payment of the reinstatement fee was found to be a direct consequence of the refusal of the chemical testing.

The opposite result was reached in *Fogel v. Brown* (Feb. 5, 1993), Wood App. No. 92–WD–038, unreported, 1993 WL 24672. We are persuaded to follow the reasoning of the Sixth Appellate District in *Fogel.* "The reinstatement fee and proof of insurance are merely incidental requirements that are a consequence of the license suspension, not the refusal. We do not find it reasonable that the prospect of a $125 reinstatement fee would induce one to submit to the test when the threat of a license suspension would not." *Id.* at 6–7. Had appellant not

sought reinstatement of his license after the administrative suspension, he would not be required to pay a reinstatement fee or show proof of insurance. Thus, paying a reinstatement fee and showing proof of insurance are not direct consequences of the refusal to submit to chemical testing.[1] Accordingly, appellant's sole assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

KOEHLER, J., concurs.

JONES, P.J., concurs separately.

JONES, Presiding Judge, concurring separately.

I have grave doubts as to the constitutionality of R.C. 4511.19 *et seq.*, and allied statutes enacted September 1, 1993. Nevertheless, I concur with the majority with respect to the limited constitutional question presented herein.

---

1. We note that our decision is in conflict with the Ohio Tenth District Court of Appeals' decision *Pinkerton v. Registrar, Bureau of Motor Vehicles* (May 4, 1993), Franklin App. No. 92AP–1319, unreported, 1993 WL 150507, and the Ohio Second District Court of Appeals' decision *Bonham v. Brown* (July 22, 1993), Montgomery App. No. 13627, unreported, 1993 WL 278136. Therefore, this court *sua sponte* certifies the record of this cause to the Ohio Supreme Court for review and final determination, pursuant to R.C. 2501.12 and Rule IV of the Rules of Practice of the Supreme Court. The issue upon which the decisions conflict is: Does R.C. 4511.191(C) require that a person under arrest for driving while under the influence of alcohol or drugs be advised that, if he chooses not to submit to chemical testing, he will be required to pay a $125 reinstatement fee and show proof of insurance after the administrative suspension period expires to obtain an operator's license?